IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JAMES K. LIBERO, #A4009529, ) | CIV. NO. 15-000389 JMS/KSC |
| ) | |
| Petitioner, ) | ORDER DISMISSING PETITION |
| ) | AS TIME-BARRED AND |
| vs. ) | DENYING CERTIFICATE OF |
| ) | APPEALABILITY |
| STATE OF HAWAII, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**ORDER DISMISSING PETITION AS TIME-BARRED AND
DENYING CERTIFICATE OF APPEALABILITY**

Before the court is pro se petitioner James K. Libero's amended petition for writ of habeas corpus ("Petition"). Doc. No. 8. Libero challenges his conviction and sentence in *State v. Libero*, Cr. No. 2PC98-0-000697, for Attempted Murder in the Second Degree (Count One) and Assault in the First Degree (Count Two) in the Circuit Court of the Second Circuit, State of Hawaii ("circuit court"). *See State v. Libero*, 103 Haw. 490, 83 P.3d 753 (Haw. Ct. App. 2003), *abrogated in part by State v. Frisbee*, 114 Haw. 76, 83, 156 P.3d 1182, 1189 (2007); *see also* Cr. No. 2PC98-0-000697, http://hoohiki1.courts.state.hi.us/jud/Hoohiki/main.htm. ("Ho`ohiki").[1]

---

[1] A court may take judicial notice of the existence of matters of public record, such as a prior order or decision, but not the truth of the facts cited therein. *See Lee v. City of L.A.*, 250

(continued...)

Respondent asserts that Libero's claims are time-barred pursuant to 28 U.S.C. § 2244(d)(1) and moves for dismissal of the Petition. Prelim. Resp., Doc. No. 11. Libero argues that he is entitled to equitable tolling of the statute of limitation. *See* Replies, Doc. Nos. 11, 13. After careful consideration of the entire record, the court DISMISSES the Petition with prejudice as untimely. Any request for a certificate of appealability ("COA") is DENIED.

## I. BACKGROUND

On November 2, 2000, Libero appealed his convictions in Cr. No. 2PC98-0-000697, represented by Matthew S. Kohm, Esq. *See* Resp't App. A, *Libero*, 103 Haw. 490, 83 P.3d 753; *see also Libero v. State*, No. CAAP-13-0000415 (Haw. Ct. App. May 22, 2015). While his direct appeal was pending, Libero filed his first pro se state habeas petition pursuant to Rule 40 of the Hawaii Rules of Penal Procedure ("HRPP"), S.P.P. No. 01-1-0013(2), which was dismissed as premature on November 26, 2001. *See* Resp't App. W, Doc. No. 12-24, PageID #421 (Findings of Fact, Conclusions of Law, S.P.P. No. 13-1-0002(2)).

On December 31, 2003, the Hawaii Intermediate Court of Appeals ("ICA") affirmed Libero's convictions in Counts I and II (Attempted Murder in the Second

---

[1](...continued)
F.3d 668, 689-90 (9th Cir. 2001).

Degree and Assault in the First Degree), but reversed his conviction in Count III (Attempted Sexual Assault in the First Degree).[2]  Resp't App. C (Am. J.); *see also Libero*, 103 Haw. at 507, 83 P.3d at 770.  The Hawaii Supreme Court rejected Libero's petition for certiorari on February 9, 2004.  Resp't App. B.

On March 29, 2004, Libero filed his second pro se Rule 40 petition.  Resp't App. D (S.P.P. 04-1-0008(2)).  The circuit court denied the second petition on November 8, 2004, and Libero did not appeal.  Resp't App. E; Ho`ohiki, 2PR04-1-000008, Docket No. 17.

On November 26, 2004, Libero filed his third pro se Rule 40 petition, S.P.P. 04-1-0029(2).  Resp't App. F.  The circuit court denied this petition on March 22, 2005, and Libero did not appeal.  Resp't App. G; Ho`ohiki, 2PR04-1-000029, Docket No. 7.

On April 4, 2005, Libero filed his fourth pro se Rule 40 petition, S.P.P. 05-1-0007(2).  Resp't App. H.  The circuit court denied this petition on June 14, 2005, and Libero did not appeal.  Resp't App. I; Ho`ohiki, 2PR05-1-000007, Docket No. 8.

---

[2] Libero was sentenced to life with the possibility of parole for Count I (attempted murder) and to ten years for Count II (assault).  *See* Resp't App. C, Am. J.

On July 19, 2005, Libero filed his fifth pro se Rule 40 petition, S.P.P. 05-1-0017(2). Resp't App. J. Libero filed three supplements to this petition. Resp't Apps. K, L, M. The circuit court denied this petition on October 19, 2005, and Libero did not appeal. Resp't App. N; *see also* Ho`ohiki, 2PR05-1-000017, Docket No. 8.

On or about October 19, 2005, the Hawaii Innocence Project ("HIP") began an investigation regarding DNA evidence found on the kiawe branch used in the assault in Libero's case. *See* Doc. No. 11-4 (letter from HIP to Libero); *see also* Reply, Doc. No. 11, PageID #127.

By later dated November 8, 2007, Kohm informed Libero that the Hawaii Supreme Court's decision in *Frisbee* likely entitled Libero to relief. Doc. No. 11-1, Pet'r Att. (11/8/2007 letter). In *Frisbee*, the Hawaii Supreme Court held that the circuit court's failure to instruct the jury with respect to merger and unanimity of charges under Hawaii Revised Statutes § 701-109(1)(e), was plain error.[3] 114

---

[3] Section 701-109(1)(e) (1993) provides:

(1) When the same conduct of a defendant may establish an element of more than one offense, the defendant may be prosecuted for each offense of which such conduct is an element. The defendant may not, however, be convicted of more than one offense if:
\*\*\*
(e) The offense is defined as a continuing course of conduct and the defendant's course of conduct was uninterrupted, unless the law provides that specific periods

(continued...)

Haw. at 83-84, 156 P.3d at 1189-90. Kohm had argued this issue in Libero's direct appeal and offered to assist Libero in filing another Rule 40 petition, raising this single issue, *if* Libero notified him that this was his desire.[4] Because Libero had raised ineffective assistance of counsel claims against Kohm, however, Kohm warned that he may be unable to represent Libero. He believed that the court might appoint Libero a public defender. Kohm strenuously advised Libero to pursue this issue with legal representation, regardless of whether Libero sought Kohm's assistance. Although the record does not reflect whether Libero then contacted Kohm, Kohm did not file a Rule 40 Petition on Libero's behalf.

On August 11, 2009, HIP concluded its investigation and informed Libero it could not represent him. Doc. No. 11-4, PageID #137. It forwarded Libero's files to Kohm and never filed any post-conviction petition on Libero's behalf.

On August 25, 2009, Kohm wrote Libero to clarify that he did not, and had no legal obligation to, represent him. Pet'r Att. 3, Doc. No. 11-3. Kohm explained again that he would file a single-issue Rule 40 Petition for Libero

---

[3](...continued)
of conduct constitute separate offenses.

[4] *Frisbee* explicitly held that the ICA had "wrongly decided" Libero's merger and unanimity argument on appeal, and "thereby ignored the reasonable possibility of an HRS § 701-109(1)(e) violation and our oft-repeated admonition that 'the factual question of merger' is one for the trier of fact." 114 Haw. at 83-84, 156 P.3d at 1189-90.

(raising only the merger issue), *only* if Libero notified him that he approved, waived any conflicts raised by Libero's ineffective assistance of counsel claims against Kohm, *and* if the court appointed him. Kohm said he preferred that Libero seek another attorney, however, and cautioned that it was very difficult to have counsel appointed in Rule 40 proceedings. Kohm ended with, "If I do not hear from you, I will assume you are handling the matter on your own or with other counsel. I strongly encourage you to have legal representation as you could/should get relief and it needs to be set up correctly." *Id.*, PageID #136.

On December 3, 2009, Libero, proceeding pro se, filed his sixth Rule 40 petition, S.P.P. 09-1-0030(2). Resp't App. O, Doc. No. 12-16. Libero argued that the circuit court erred by failing to instruct the jury that his attempted murder and assault charges had merged, and asserted that he should be resentenced on the "lesser included offense" of assault. *Id.*, PageID #280. Libero later filed several supplements to the sixth Rule 40 petition, raising the lack of *his* DNA evidence on the kiawe branch used during the assault, entrapment, and other issues that had been previously raised and decided in earlier petitions or direct review. *See* Resp't Apps. P, Q, R, Doc. Nos. 12-17 - 12-19. The circuit court denied this petition on April 24, 2012, and again, Libero did not appeal. Resp't App. S; *see also* Ho`ohiki, 2PR09-1-000030, Docket No. 24.

On September 14, 2012, Libero filed his seventh Rule 40 petition, S.P.P. 12-1-0011(2).  Resp't App. T.  The circuit court denied this petition on January 16, 2013.  Resp't App. U, Doc. No. 12-22.  Although Libero later submitted additional memoranda in support of his petition, the circuit court struck these documents and Libero did not appeal.  *See* Ho`ohiki, 2PR12-1-000011, Docket Nos. 12-14.

On February 20, 2013, Libero filed his eighth Rule 40 petition, S.P.P. 13-1-0002(2).  Resp't App. V, Doc. No. 12-23.  Libero asserted four grounds for relief: (1) the lack of DNA evidence on the assault weapon proved his innocence; (2) the circuit court erred by failing to instruct the jury that the Attempted Murder and Assault charges merged; (3) there was no probable cause to arrest based on statements he allegedly made before he was given a *Miranda* warning; and (4) irrelevant and prejudicial witness testimony.  Resp't App. V, W, Doc. Nos. 12-23, 12-24.  The circuit court denied this petition on April 10, 2013.  Resp't App. W, Doc. No. 12-24.  For the first time, Libero appealed.  Resp't App. X, Doc. No. 12-25.

On May 22, 2015, the ICA affirmed the circuit court's denial of Libero's eighth Rule 40 petition.  Resp't App. Y, Doc. No. 12-26, CAAP 13-000435; *see also Libero v. State*, 2015 WL 3384440, at *2 (Haw. Ct. App. May 22, 2015) (finding Libero's claims were waived or previously ruled on, thus, procedurally

barred pursuant to HRPP 40(a)(3)).  The Hawaii Supreme Court rejected Libero's petition for certiorari on August 6, 2015.  Resp't App. Z; *see also Libero v. State*, 2015 WL 4709263, at *1 (Haw. Aug. 6, 2015).

Libero submitted his original Petition in this court without a signature on September 30, 2015.  Doc. Nos. 1, 2.  Libero filed the instant, amended Petition on November 3, 2015.  Doc. No. 8.  Libero asserts the same grounds for relief as he argued in S.P.P. 13-1-0002(2): (1) the lack of DNA evidence on the assault weapon proves his innocence; (2) the circuit court erred by failing to give a merger instruction to the jury; (3) there was no probable cause to arrest because he was not given *Miranda* warnings; and (4) witness testimony concerning the assault weapon was irrelevant and prejudicial.  *See* Pet., Doc. No. 8.

On November 19, 2015, the court ordered Respondent to file a response and notified Libero that he must show cause in writing why the action should not be dismissed as time-barred pursuant to 28 U.S.C. § 2244(d).  Order, Doc. No. 10.

## II.  28 U.S.C. § 2244

Libero's claims are governed by the one-year limitation period, set forth in 28 U.S.C. § 2244(d).

///

///

### A.   Statuory Tolling

Under § 2244(d)(1) the limitation period runs from the latest of:

(A)   the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B)   the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such by State action;

(C)   the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D)   the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Section 2244(d)(2) tolls the limitation period while a "properly filed" state post-conviction petition is pending.

### B.   Equitable Tolling

A petitioner may also be entitled to equitable tolling of the limitation period upon a showing of extraordinary circumstances. *See Holland v. Florida*, 560 U.S. 631, 649 (2010). Extraordinary circumstances requires the petitioner to establish two elements: (1) "'that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way' and prevented timely filing."

*Id.* (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)); *Gibbs v. Legrand*, 767 F.3d 879, 884-85 (9th Cir. 2014); *Doe v. Busby*, 661 F.3d 1001, 1011 (9th Cir. 2011). "The diligence required for equitable tolling purposes is reasonable diligence, not maximum feasible diligence." *Holland*, 560 U.S. at 653 (citations omitted).

Equitable tolling is available only when "'extraordinary circumstances beyond a prisoner's control make it *impossible* to file a petition on time'" and "'the extraordinary circumstances' were the cause of [the prisoner's] untimeliness." *Bills v. Clark*, 628 F.3d 1092, 1096 (9th Cir. 2010) (emphasis in original) (quoting *Spitsyn v. Moore*, 345 F.3d 796, 799 (9th Cir. 2003) (further quotations omitted)). "[E]quitable tolling is 'unavailable in most cases'. . . . Indeed, 'the threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule.'" *Miranda v. Castro*, 292 F.3d 1063, 1066 (9th Cir. 2002) (citations omitted).

Once a district court notifies a petitioner that his petition is "subject to dismissal based on AEDPA's statute of limitations and the record indicate[s] that [the] petition fell outside the one-year time period," the petitioner has the burden of demonstrating that he is entitled to tolling. *Smith v. Duncan*, 297 F.3d 809, 814 (9th Cir. 2002), *abrogated on other grounds by Pace*, 544 U.S. at 418; *see also*

*Banjo v. Ayers*, 614 F.3d 964, 967 (9th Cir. 2010).

"If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." Rule 4 of the Rules Governing Section 2254 Cases in the United States District Court.

### III.  DISCUSSION

Libero's conviction became final on direct review on or about May 9, 2004, ninety days after the Hawaii Supreme Court rejected certiorari and the time passed for seeking review in the United States Supreme Court. *See Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999) (holding that the period of "direct review" after which state conviction becomes final for purposes of section 2244(d)(1) includes the 90-day period for filing a petition for certiorari in the United States Supreme Court).

Accepting (without deciding) that Libero's second through fifth Rule 40 post-conviction petitions, S.P.P. Nos. 04-1-0008 (2), 04-1-0029(2), 05-1-0007(2), 05-1-0017(2) were properly filed and therefore tolled the statute of limitation while they were pending, the last of these petitions, S.P.P. No. 05-1-0017(2), was denied on October 19, 2005. Unless Libero is entitled to additional statutory or equitable tolling, the statute of limitation expired on Libero's claims no later than

October 20, 2006. *See* 28 U.S.C. § 2244(d). Libero waited more than four years after this date before he filed his sixth Rule 40 Petition on December 3, 2009. And, he did not file the present federal action until September 30, 2015, nearly nine years later.

A.   **No Tolling Under 28 U.S.C. § 2244(d)(1)**

Libero asserts no § 2244(d)(1) statutory bases for tolling the limitation period. Nor does an independent review of the record reveal such bases. Libero filed eight Rule 40 petitions, undercutting any assertion that a State-created impediment prevented his timely filing a *federal* habeas petition. *See* 28 U.S.C. § 2244(d)(1)(B); *see also Ramirez v. Yates*, 571 F.3d 993, 1001 (9th Cir. 2009) (holding delayed accrual under subsection (d)(1)(B) is available only if the impediment prevented petitioner "from presenting his claims in any form, to any court") (emphases omitted).

Because Libero asserts no claim based on a constitutional right "newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review," subsection 2244(d)(1)(C) is equally inapplicable. *See Dodd v. United States*, 545 U.S. 353, 360 (2005) (construing identical language in section 2255 as expressing "clear" congressional intent that delayed accrual inapplicable unless the United States Supreme Court itself has made new rule retroactive).

Finally, § 2244(d)(1)(D) does not apply. To the extent the decision in *Frisbee* can be considered a new factual predicate, it was decided on April 4, 2007. Libero did not pursue this theory until he filed his sixth Rule 40 petition on December 3, 2009, even though Kohm had alerted him to the ruling and offered to assist two years earlier. The statute of limitation had already expired on this claim by the time Libero raised it in the state court.

To the extent Libero argues that the 2009 DNA test that confirmed no DNA profile could be obtained from the kiawe branch used in the assault is newly discovered evidence sufficient to toll the statute of limitation, he is mistaken. The lack of conclusive DNA evidence on the kiawe branch was introduced at trial and confirmation of this fact nine years later does not make this information new or material.[5] Libero argued the point on appeal, asserting the State failed to prove the crime (the "corpus delicti"), in part because no DNA tied him or the victim to the kiawe branch. *See Libero*, 103 Haw. at 499-500, 83 P.3d at 762-63. The ICA rejected this claim, holding there was abundant evidence that the kiawe branch was the assault weapon, regardless of the lack of detectable DNA evidence on the

---

[5] At trial, the State's forensic expert, Wayne Kimoto, testified that, although blood was present on the kiawe branch, DNA testing for the victim's blood was inconclusive. *Libero*, 103 Haw. at 495, 83 P.3d at 758. Libero also refers to trial transcript T4 at 69-71, in which Kimoto testified that "the amount of DNA was so small or so low that it couldn't be detected by the analysis procedure which was utilized." T4 at 71." See Pet'r Reply, Doc. No. 12-19, PageID #332.

branch. *Id.* at 500, 89 P.3d at 763.  Libero then raised the lack of DNA evidence on the kiawe branch in his second Rule 40 petition, filed on March 29, 2004.  *See* Resp't Ex. D, Doc. No. 12-5, PageID #187.  The circuit court denied this claim as previously ruled upon, thus, procedurally barred from review under HRPP 40. Thus, Libero was aware of the lack of DNA evidence long before the 2009 test results confirmed the Honolulu Police Department's forensic expert on this issue.

Moreover, even if the 2009 DNA test was new and material evidence, Libero did not exercise due diligence in pursuing this information, since he waited until September 25, 2008 to move for an order compelling the DNA test.  *See* Ho`ohiki, 2PC98-0-000697, Dkt. No. 143.  Libero is not entitled to statutory tolling of the limitation period under 28 U.S.C. § 2244(d)(1).

**B.     No Tolling Under 28 U.S.C. § 2244(d)(2)**

Libero argues that the statute of limitation was tolled, apparently under § 2244(d)(2), while HIP investigated his case between October 19, 2005, when his fifth Rule 40 petition was denied, and August 11, 2009, when HIP notified him that it no longer represented him.  *See* Reply, Doc. No. 11 ("Reply I"); Reply, Doc. No. 13 ("Reply II"), PageID #443 (arguing HIP's involvement tolled the statute for 1481 days).  Again, he is mistaken.

HIP never filed any state post-conviction petition on Libero's behalf. Rather, HIP investigated a defense based on the lack of DNA evidence in Libero's case. In the course of that investigation, HIP moved for an Order Compelling Post-Conviction DNA Testing and filed a Stipulation and Order Re Post-Conviction DNA Testing of Evidence in Libero's criminal proceeding. *See* Pet'r Reply, Doc. No. 12-19; *see also* Ho`ohiki 2PC98-0-000697, Docket Nos. 143 (Motion, dated Sept. 25, 2008), 144 (Stipulation, Oct. 31, 2008). HIP Director Virginia Hench also made a declaration on June 29, 2010, stating that in her opinion the lack of DNA evidence supports Libero's request for a new trial. Doc. No. 12-19. HIP's involvement in Libero's case neither tolled the statute of limitation pursuant to 28 U.S.C. § 2244(d)(2), nor qualifies as an extraordinary circumstance that prevented Libero from timely filing a *federal* habeas petition. *See Randle v. Crawford*, 604 F.3d 1047, 1057-58 (9th Cir. 2010) (holding that attorney negligence does not warrant equitable tolling if it does not cause the delay in filing a federal habeas petition (discussing trial counsel's failure to perfect an appeal)); *see also Curiel v. Miller*, 780 F.3d 1201, 1206 (9th Cir. 2015) (holding attorney's actual misconduct in failing to provide petitioner with his file did not warrant equitable tolling because petitioner could still have filed a protective federal petition before the deadline). That is, HIP's investigation of Libero's

claims of innocence did not cause the delay in Libero's filing the present Petition. *Spitsyn*, 345 F.3d at 799. Stated differently, Libero was free to file a petition in this court while HIP continued its investigation.

**C.     No Equitable Tolling**

Libero further asserts that the statute of limitation should be equitably tolled because he was unaware that he could appeal the denial of his Rule 40 petitions until he filed his final Rule 40 petition in 2013. Libero's ignorance of his right to appeal the circuit court's denial of his first seven Rule 40 petitions does not provide a valid basis for equitable tolling of the statute of limitation. *See Rasberry v. Garcia*, 448 F.3d 1150, 1154 (9th Cir. 2006) (stating that petitioner's "ignorance of the law" and "lack of legal sophistication" is not an extraordinary circumstance warranting equitable tolling). Moreover, this issue is relevant to whether Libero properly exhausted his claims rather than whether his Rule 40 petitions were properly filed and thus, tolled the statute of limitation. Because the court finds that the Petition is time-barred, it does not examine whether Libero's claims are fully exhausted or procedurally barred.

**D.     S.P.P. No. 13-1-0002(2) Did Not Revive The Limitation Period**

Finally, Libero argues that he is only challenging the denial of his claims in his final Rule 40 petition, S.P.P. No. 13-1-0002(2), in which the Hawaii Supreme

16

Court rejected certiorari on August 6, 2015. *See* Pet'r Reply, Doc. No. 13; *see also* Resp't App. Z (Hawaii Supreme Court rejection of certiorari). Libero vaguely asserts that because he filed the present action within six weeks of the Hawaii Supreme Court's decision, the present Petition is timely. Libero is incorrect. The filing of a state post-conviction petition years after the statute of limitation expired does not revive the limitation period. *See Ferguson v. Palmateer*, 321 F.3d 820, 823 (9th Cir. 2003) (holding that once the statute of limitation has run, a state habeas petition cannot revive it); *Larsen v. Soto*, 742 F.3d 1083, 1088 (9th Cir. 2013) (same).

The court finds that Libero's Petition is time-barred and that he is not entitled to equitable or statutory relief. The Petition is DISMISSED with prejudice pursuant to 28 U.S.C. § 2244(d).

**E.     Ground Two is Not Cognizable on Habeas Review**

Finally, "[t]here is no federal Constitutional right to merger of convictions for purposes of sentencing." *Hendricks v. Zenon*, 993 F.2d 664, 674 (9th Cir. 1993). Thus, Libero's claim that the circuit court erred by failing to merge his convictions for attempted murder and assault for sentencing is "exclusively concerned with state law and therefore not cognizable in a federal habeas corpus proceeding." *Id.*; *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("[A]

federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."). Thus, in addition to being time-barred, Ground Two fails to state a claim and is DISMISSED with prejudice on that basis also.

## IV. **CERTIFICATE OF APPEALABILITY**

Rule 11(a) of the Rules Governing Section 2254 Cases requires a district court to rule on whether a petitioner is entitled to a certificate of appealability in the same order in which the petition is denied. When a claim is dismissed on procedural grounds, the court must decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, 565 U.S. 134, __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Libero fails to make a substantial showing that a reasonable jurist would find the dismissal of his Petition debatable or wrong. Consequently, no certificate of appealability is warranted in this case.

///

///

///

///

///

## V. **CONCLUSION**

The Petition is DISMISSED with prejudice as time-barred pursuant to 28 U.S.C. § 2244(d).  Ground Two is DISMISSED as non-cognizable on federal habeas review.  A certificate of appealability is DENIED.  The Clerk of Court shall enter judgment and close the file.

      IT IS SO ORDERED.

      DATED: Honolulu, Hawaii, March 10, 2016.



    /s/ J. Michael Seabright
J. Michael Seabright
Chief United States District Judge

*Libero v. Hawaii,* 1:15 cv 00398 JMS/KSC; hab 2016 Libero 15 389 jms (SOL)